IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO BROWN,<br>    Petitioner | :<br>: |
| | : CIVIL NO. 1:12-CV-0245 |
| v. | :<br>: (Judge Caldwell) |
| B. A. BLEDSOE,<br>    Respondent | :<br>:<br>: |

*M E M O R A N D U M*

       The pro se petitioner, Antonio Brown, currently an inmate at FCI Yazoo City Medium in Yazoo City, Mississippi, filed this 28 U.S.C. § 2241 petition while he was imprisoned at USP-Lewisburg in Lewisburg, Pennsylvania. The petition challenges the loss of forty-one days of good conduct time imposed as a sanction in disciplinary proceedings held at Lewisburg. The good conduct time was lost after a finding that Petitioner had refused a program assignment and threatened his cell mate. Petitioner claims that the sanction was improper because the misconduct report was falsely made and because he was denied "meaningful review." (Doc. 1, ECF p. 3).

       In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court set forth the requirements of due process in prison disciplinary hearings.

> In *Wolff,* the Supreme Court held that an inmate must receive "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the

> factfinder of the evidence relied on and the reasons for the disciplinary action.

*McGee v. Scism*, 463 F. App'x 61, 63 (3d Cir. 2012)(nonprecedential)(quoting *Superintendent v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985)). There must also be "some evidence" supporting the decision-maker's finding. *Id.* (quoting *Hill,* 472 U.S. at 454, 105 S.Ct. at 2773). A correctional officer's written incident report satisfies the "some evidence" requirement. *Moles v. Holt*, 221 F. App'x 92, 94 (3d Cir. 2007)(nonprecedential).

We have reviewed Respondent's answer to the petition and conclude that Petitioner has received all the process that was due him in the disciplinary hearing. We note, as does Respondent, that Petitioner sets forth no specific due-process claim, asserting only that he was denied "meaningful review." We add that the mere claim that the incident report was falsely made is not actionable. *See Thomas v. McCoy*, 467 F App'x 94, 96 n.3 (3d Cir. 2012)(nonprecedential).

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

August 13, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTONIO BROWN,
    Petitioner

    v.

B. A. BLEDSOE,
    Respondent

CIVIL NO. 1:12-CV-0245

(Judge Caldwell)

*O R D E R*

AND NOW, this 13th day of August, 2013, it is ordered that:

  1. The petition (Doc. 1) for a writ of habeas corpus is DENIED.

  2. The Clerk of Court shall close this file.

                     /s/ William W. Caldwell
                     William W. Caldwell
                     United States District Judge